■ In the Matter of FRANK J. VERDERAME, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.—Motion by the respondent for reargument of a proceeding which was determined by opinion and order of this court dated December 2, 1991, inter alia, suspending him from the practice of law for a period of three years, or, in the alternative, for leave to appeal to the Court of Appeals.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted to the extent that reargument is granted and, upon reargument, the provision of this court's opinion and order dated December 2, 1991, directing that the respondent be suspended from the practice of law for a period of three years is vacated; and it is further,

Ordered that the respondent Frank J. Verderame is suspended from the practice of law for a period of one year, commencing January 31, 1992, and continuing until the further order of this court, with leave to the respondent to apply for reinstatement after the expiration of the said period of one year upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court,

the respondent Frank J. Verderame is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that the motion is otherwise denied.

The granting of leave to reargue in this case is predicated upon the respondent's previously unblemished record, his extensive engagement in charitable, civic and religious activities and the fact that the aberrant $300 discrepancy in the respondent's escrow account has been resolved and that his escrow records are now being kept in accordance with court directives. Under the circumstances, the imposition of a three-year suspension was excessive. Thompson, J. P., Bracken, Sullivan, Harwood and Lawrence, JJ., concur.